## In re PITTSBURGH TERMINAL COAL CORP.

No. 20716.

United States District Court,
W. D. Pennsylvania.
May 15, 1958.

220

Leonard H. Levenson, Pittsburgh, Pa., for Alexander Guttmann et al.

James I. Marsh, Pittsburgh, Pa., for trustee.

GOURLEY, Chief Judge.

This matter comes before the court on objections to requests of the Securities and Exchange Commission for admissions pursuant to Rule 36 of Federal Rules of Civil Procedure, 28 U.S.C.A.

In accordance with Rule 36, Leonard Levenson, Esq., attorney for Alexander Guttmann et al., gave notice dated October 21, 1952 of a hearing on "Objections of Alexander Guttmann et al. to Certain Items in First and Second Supplemental Requests for Admission Served by The Securities and Exchange Commission."

Abraham M. Metz, Esq., attorney for George B. Geller et al., gave notice dated November 6, 1952 of a hearing on "Objections of George B. Geller et al. to Certain Items in First and Second Supplemental Requests for Admissions Served by The Securities and Exchange Commission."

To some extent the objections overlap and relate to the same requests for admission.

In order to avoid duplicitous repetition, I shall dispose of all said objections simultaneously without particularizing the objecting party.

By notices dated April 9, 1953, the Securities and Exchange Commission withdrew the following requests to which objection had been taken: Nos. 188c, 207c, 209b, 215, 232b, 234b, 440, 448, 503, 505, 507, 510, 523a, 529c, 535, 560, and 562.

The remaining items to which objection exists consist in each instance of a request to admit that the testimony quoted in a previous inquiry was and is true. In each instance, also, the objectors have either admitted that the quoted testimony was given or that it is a true copy of the transcript of the hearing.

■ I have thoroughly and meticulously examined the questions in issue as to their answerability. It is true that the statements which the objectors are required to affirm or deny, in certain instances appear lengthy and cumbersome, but I am convinced that an honest and expeditious approach to them would permit satisfactory answers. Where statements propose numerous propositions and conclusions, no reason exists why objectors cannot segregate each hypothesis and deal with it individually. The objectors have never been required to affirm or deny lengthy statements as a whole, when numerous propositions present themselves.

■ I submit that, in certain instances, the form of the question is subject to considerable simplification and improvement. But it is not the province of this court to advise counsel for litigants as to their technique or method of procedure.

■ In any event, objectors are free to state that to their best knowledge, information and belief, they are unable to answer a specified question, when such question poses a proposition of which they are uninformed.

■ This Court has rigidly adhered to the doctrine of complete and unequivocal disclosure, and that party litigants are entitled as of right to compel an adversary

to make full disclosure of all facts which the lattter had learned, which are relevant to the subject matter of the pending action and unprivileged.

An appropriate Order is entered.